IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE CALLIS, | § § § | |
| Plaintiff, | § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| SUNSTATES SECURITY, LLC, | § § | |
| Defendant. | § § | |

### DEFENDANT SUNSTATES SECURITY, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, Defendant Sunstates Security, LLC ("Defendant") hereby files this Notice of Removal and gives notice that it is removing the above-captioned matter to the United States District Court for the Southern District of Texas, Houston Division, based on diversity jurisdiction as well as federal question jurisdiction. In support of this Notice of Removal, Defendant respectfully shows:

### I.
### BACKGROUND

1. On July 25, 2014, Plaintiff Clarence Callis ("Plaintiff") filed this civil action, Cause No. 2014-30804, in the 157th Judicial District Court of Harris County, Texas.

2. On August 7, 2014, Defendant was served with Plaintiff's First Amended Original Petition.[1] Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, true and correct copies of all executed process, pleadings, signed orders, the state court docket sheet as well as an index of matters being filed and a list of counsel of record are attached hereto and incorporated herein by reference. See Def.'s Ex. 1. Further, pursuant to Local Rule 81, the docket sheet, an index of

---

[1] Defendant was never served with Plaintiff's Original Petition.

matters being filed, and a list of counsel of record (including addresses, telephone numbers, and parties represented) are also attached. *See id.*

3. In this lawsuit, Plaintiff alleges that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, by terminating his employment in retaliation for his complaints of supposed FLSA violations. He further claims that Defendant breached its contract with him when it failed to pay him for 30 days' required notice and his commission bonus upon termination, and finally, he contends that Defendant failed to compensate him for his unused vacation pay, holiday pay, sick pay, and commission bonus in violation of the Texas Labor Code §§ 61.000(7), 61.015.

4. Defendant filed its Original Answer and asserted affirmative and other defenses on August 29, 2014. A true and correct copy of Defendant's Original Answer and Affirmative and Other Defenses is attached to Defendant's Exhibit 1.

## II.
## DIVERSITY JURISDICTION

5. To begin with, this Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both requirements for diversity jurisdiction are met here.

**A. The Amount in Controversy Exceeds $75,000**

6. Although the Plaintiff does not plead a specific amount of damages in his Petition, it is facially apparent from his pleadings that Plaintiff seeks damages in excess of the $75,000

2

jurisdictional amount of this Court. 28 U.S.C. §1332(a).[2] Specifically, in his pleadings, Plaintiff seeks actual damages, back pay, front pay, post-judgment interest, court costs, and attorneys' fees. *See* Pl.'s First Am. Orig. Pet., pgs. 7-8, ¶29. Plaintiff further seeks liquidated damages and exemplary damages, arguing that Defendant's supposed conduct "were aggravated by willfulness and malicious intent." *Id.* at p. 6-7, ¶¶ 26-27.

7. In assessing solely the value of Plaintiff's claim for back pay, it is evident that Plaintiff requests damages in excess of $75,000. Plaintiff alleges that he earned approximately $45,000 each year in addition to a $6,000 annual vehicle reimbursement. *Id.* at p. 4, ¶12. Plaintiff further claims that he earned approximately $5,975 in commission bonus each month. *Id.* at p.6, ¶26. Thus, assuming a reasonable trial setting of March 2015, which is one year from Plaintiff's termination date, Defendant's potential back pay liability amounts to approximately $122,700 – a figure well in excess of the $75,000 threshold. This amount does not take into consideration the actual damages, front pay, liquidated damages, exemplary damages, and attorneys' fees that Plaintiff seeks. To this end, it is clear that the Plaintiff seeks damages well in excess of the $75,000 threshold.

8. In light of the damages sought by Plaintiff in his First Amended Original Petition, it is facially apparent that he seeks damages well in excess of the $75,000 jurisdictional limit of this Court. *See Maley v. Design Benefits Plan, Inc.,* 125 F. Supp. 2d 197, 199 (E.D. Tex. 2000) (holding that the array of damages that the plaintiff seeks – actual damages, exemplary damages, attorneys' fees, pre and post-judgment interests, and costs – indicate that the jurisdictional minimum is met).

---

[2] Under Fifth Circuit case law, removal of a state court claim that seeks an indeterminate amount of damages is proper if the defendant shows it to be "facially apparent" from the plaintiff's pleadings that the claimed damages likely exceed $75,000.00. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

**B.     There is Complete Diversity of Citizenship**

9.     Complete diversity of citizenship exists between Plaintiff and Defendant. Specifically, at the time this suit was filed and at the time of removal, Plaintiff was a citizen of the state of Texas. *See* Pl.'s First Am. Orig. Pet., p. 1, ¶ 2.

10.     Both at the time this suit was filed and at the time of removal, Defendant was a corporation organized and existing under the laws of North Carolina with its principal place of business in North Carolina. *See* Dec. of Denis Kelly, attached as <u>Def.'s Ex. 2</u>.

11.     Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. *See also* 28 U.S.C. § 1332(c) (discussing that a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business).

## III.
## FEDERAL QUESTION JURISDICTION

12.     Furthermore, this Court has subject matter jurisdiction in this case based on federal question jurisdiction. 28 U.S.C. § 1331 (establishing federal question jurisdiction for civil actions arising under the laws of the United States). Federal question jurisdiction exists in a civil matter when the "claim or right aris[es] under the Constitution, treaties, or laws of the United States." *Id.* Additionally, if a lawsuit includes a claim arising under the laws of the United States and a separate state law claim, "the entire action may be removed if the action would be removable without the inclusion of the [state law claim]." *See id.* at §1441(c).

13.     Federal question jurisdiction exists here. In his First Amended Original Petition, Plaintiff alleges that Defendant retaliated against him in violation of the FLSA. *See* Pl.'s First. Am. Orig. Pet., p. 3-4, ¶¶10-11. A claim under the FLSA arises under federal law. *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 694 (2003). Because this Court would have jurisdiction over a lawsuit alleging only an FLSA claim, this entire lawsuit – regardless of

Plaintiff's state law claims – is removable to this Court. *See, e.g., Eastus v. Blue Bell Creameries, L.P.*, 97 F. 3d 100, 104 (5th Cir. 1996); *Demissie v. 7-Eleven, Inc.*, No. 3:09-CV-1153-M, 2009 WL 4858057, at *2 (N.D. Tex. Dec. 14, 2009).

## IV.
## PROCEDURAL ALLEGATIONS

11. The Southern District of Texas, Houston Division, is the federal district and division that encompasses the 157th Judicial District Court of Harris County, Texas. *See* 28 U.S.C. § 124(b)(1). This Notice of Removal is filed within 30 days of Defendant having been served with Plaintiff's First Amended Original Petition, and is therefore timely filed under 28 U.S.C. § 1446. Accordingly, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

12. A Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed in the 157th Judicial District Court of Harris County, Texas and will be served on Plaintiff. A copy of such Notice of Filing of Notice of Removal is attached hereto and incorporated by reference as <u>Defendant's Exhibit 3</u>. *See* 28 U.S.C. § 1446(d).

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Defendant Sunstates Security, LLC respectfully requests this action now pending in the 157th Judicial District of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

/s/ *Allan H. Neighbors*

**Allan H. Neighbors, IV** (Attorney-in-Charge)
Texas Bar No. 24033660
Federal I.D. No. 34398
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
aneighbors@littler.com

**ATTORNEYS FOR DEFENDANT
SUNSTATES SECURITY LLC**

Of Counsel:
**Rea K. Ferandez**
Texas Bar No. 24078496
Federal I.D. No. 1357837
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
rferandez@littler.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following counsel of record via certified mail, return receipt requested, this 8th day of September, 2014:

Kenneth L. Tekell, Jr.
Tekell, Book, Allen & Morris, LLP
1221 McKinney St., Suite 4300
Houston, Texas 77010

ATTORNEY FOR PLAINTIFF CLARENCE CALLIS

/s/ *Allan H. Neighbors*
Allan H. Neighbors, IV

Firmwide:128814625.1 066461.1008

6